**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
jzapata@msklaw.net
Tel. (973) 267-0220
*Attorneys for Steven P. Kartzman,*
*as Chapter 7 Trustee/Plaintiff*

|  |  |
|---|---|
| In re:<br><br>**JAMES X. REZABALA and**<br>**ERIKA M. PENACHI**,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 19-25396 (VFP)<br><br>Chapter 7<br><br>Honorable Vincent F. Papalia |
| **STEVEN P. KARTZMAN**<br>**as Chapter 7 Trustee**,<br><br>Plaintiff,<br><br>v.<br><br>**GERALDINA OBANDO**,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT TO AUTHORIZE A SALE OF PROPERTY OF THE ESTATE FREE OF CO-OWNER'S INTEREST PURSUANT TO 11 U.S.C. § 363(h) AND TO DISTRIBUTE PROCEEDS TO CO-OWNER PURSUANT TO 11 U.S.C. § 363(j)**

Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee") for the estate of James X. Rezabala and Erika M. Penachi (the "Debtors"), with offices at Mellinger, Sanders & Kartzman, LLC, 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950, by and through his counsel, for his Complaint against Geraldina Obando, states as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue of the Debtors' bankruptcy case in this district is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Upon information and belief, Geraldina Obando (the "Defendant") is an individual with a residence located at 3365 John F. Kennedy Blvd., Jersey City, New Jersey 07307.

5. Plaintiff is the court-appointed Chapter 7 Trustee with a principal place of business at 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950.

## BACKGROUND

6. On August 8, 2019 (the "Petition Date"), James X. Rezabala and Erika M. Penachi (the "Debtors") filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7. On August 9, 2019, Steven P. Kartzman was appointed to serve as the Chapter 7 Trustee with the duty, pursuant to 11 U.S.C. § 704 to, among other things, collect and reduce to money the property of the estate, to examine proofs of claim, and to object to the allowance of any claim which is improper.

8. As of the Petition Date, the Debtors own real property located at 3365 John F. Kennedy Blvd., Jersey City, New Jersey (the "Property"). The Property consists of a two family

house with one portion occupied by the Debtor James X. Rezabala and the other portion occupied by the Defendant.

9. The Debtors' interest in the Property constitutes property of the bankruptcy estate pursuant to Bankruptcy Code Section 541(a).

10. The Defendant has asserted an interest in the Property.

11. According to a Comparative Market Analysis obtained by the Plaintiff, the value of the Property is approximately $629,000.

12. The Property is encumbered by a mortgage of approximately $265,000 as of May 16, 2019.

13. The Debtors' Schedule E reflects $27,000 due for taxes, and Schedule F reflects unsecured non-priority debt totaling $87,072.86.

14. Upon information and belief, the Defendant has been living at the Property rent free.

15. Upon information and belief, the Defendant has not been contributing toward the payment of the mortgage and/or property taxes for the Property.

16. The Debtors have insufficient funds to make the required mortgage payments, in particular given the lack of funds from the Defendant, and absent a sale, the Property will be lost to foreclosure. In fact, a foreclosure judgment was entered on May 30, 2019 in the Superior Court of New Jersey, Hudson County, under Docket No. F023696-18.

17. The Trustee has requested the Defendant's consent to the sale of the Property, but the Defendant has not responded to the Trustee's request for the same.

## FIRST COUNT

18. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

19. The Debtor's interest in the Property is property of the estate pursuant to 11 U.S.C. § 541(a).

20. The Defendant has an ownership interest in the Property as co-owner, along with the Trustee, although the extent of the Defendant's ownership interest has not been fixed to date.

21. Pursuant to 11 U.S.C. § 363(h), a trustee may sell the estate's interest and the interest of any co-owner in property in which the debtor had an undivided interest as a tenant in common, joint tenant or tenant by the entirety at the time of commencement of the case, if: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of the co-owner's interest outweighs the detriment to such co-owner; and (4) the property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.

22. A partition of the Property is impracticable and it is unlikely that the Trustee would find a buyer willing to purchase the Property, should such property be subject to partition in kind.

23. To the extent that the Property could be partitioned and sold, the sale of the Trustee's interest in the Property would realize significantly less than the sale of the Property itself free and clear of the interests of the Defendant, as potential co-owner, given that potential purchasers do not want to be saddled with a stranger for a partner.

24. It is anticipated that the sale of the estate's and Defendant's interest in the Property will result in a substantial payment to creditors of the estate, including priority tax claims.

25. As the Debtors and Defendant are unable to make the required mortgage payments, presumably the Property will be lost to foreclosure, the Defendant will be required to vacate the Property and will receive no monies from the Property.

26. As a result of a sale of the Property, the Defendant will receive the monetary equivalent of her interest pursuant to 11 U.S.C. § 363(j).

27. The benefit to the estate from a sale outweighs any potential detriment that may inure to the Defendant, as the value of the building will be maximized with minimal detriment to the Defendant.

28. The Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

(a) Authorizing the Trustee to sell the estate's interest and the interest of the Defendant in the Property pursuant to 11 U.S.C. § 363(h); and

(b) granting such other relief as the Court may deem just and equitable.

## SECOND COUNT

29. Plaintiff Steven P. Kartzman, Trustee repeats and realleges the allegations of all of the preceding paragraphs as if fully set forth herein.

30. Pursuant to 11 U.S.C. § 363(j), the Trustee must distribute the proceeds from the sale of the Property to Defendant on account of and to the extent of Defendant's interest in the Property.

WHEREFORE, Plaintiff Steven P. Kartzman, Trustee, requests the entry of judgment against Defendant Geraldina Obando as follows:

(a) Determining the extent of Defendant's ownership interest in the Property;

(b) declaring that any such distribution to the Defendant from the Trustee under 11 U.S.C. § 363(j) shall be the only payment or distribution Defendant is entitled to from the Trustee or the Bankruptcy estate on account of Defendant's interest in the Property; and

(c) for such other relief as the Court may deem just and equitable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity.

Respectfully submitted,

**MELLINGER, SANDERS & KARTZMAN, LLC**
*Attorneys for Plaintiff, Steven P. Kartzman*
*as Chapter 7 Trustee*


By:   /s/ Joseph R. Zapata, Jr.
      JOSEPH R. ZAPATA, JR., ESQ.

Dated:  December 5, 2019